UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CSC HOLDINGS, INC.,

                Plaintiff,

-against-

ROBERT ROOK,

                Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 2 9 2005 ★
BROOKLYN OFFICE

05 Civ. 0283 (FB)(ARL)

**DEFAULT JUDGMENT**

This action having been commenced on January 19, 2005, by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served on defendant Robert Rook on February 10, 2005, pursuant to Fed.R.Civ.P. 4(e)(2), and it further appearing that defendant has not appeared, answered or otherwise moved with respect to the Complaint, and the time for answering the Complaint having expired,

NOW, on motion of the plaintiff, CSC Holdings, Inc. ("Cablevision" or "plaintiff"), by its attorneys, LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P., it is hereby:

**ORDERED, ADJUDGED and DECREED** that the plaintiff, Cablevision, shall recover from defendant Robert Rook the damages sustained by it on account of the claims for relief demanded in the Complaint, together with interests and costs of this action, together with reasonable attorneys' fees; and it is further,

**ORDERED, ADJUDGED and DECREED** that plaintiff is entitled to a permanent injunction against defendant Robert Rook's unauthorized interception of plaintiff's telecommunication signals as proscribed under 47 U.S.C. sections 605(a) and 553(a)(1), which

injunction is authorized under 47 U.S.C. sections 605 (e)(3)(B)(i) and 553 (c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that defendant Robert Rook and any of the defendant's servants, employees, agents, assigns, and any person(s) or entity(ies) in active concert and participation with any of them are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of the plaintiff, whether transmitted by air or by wire, without the express authorization of the plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of the plaintiff for the purpose of obtaining any of the programming services of the plaintiff without plaintiff's express authorization, and are hereby permanently enjoined and restrained from manufacturing, purchasing, obtaining, utilizing or installing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available the programming and services of the plaintiff without plaintiff's authorization; and it is further,

**ORDERED**, that this matter be referred to Magistrate Judge Arlene Rosario Lindsay to report and recommend the amount of damages to be awarded to the plaintiff, plus reasonable attorneys' fees, if any, pursuant to 47 U.S.C. sections 605 (e)(2) and 553 (c)(2), as demanded in plaintiff's Complaint.

Dated:   Central Islip, New York
         4/26/01, 2005

                                    s/Frederic Block
                                    _____
                                            U.S.D.J.