ORIGINAL
D & F
C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CSC HOLDING, INC.,

                    Plaintiff,
       -against-

ROBERT ROOK,                                    MEMORANDUM AND ORDER
                                                No. 05-CV-0283 (FB) (ARL)
                    Defendant.
---------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
SHAUN K. HOGAN, ESQ.
Lefkowitz, Louis Sullivan & Hogan LLP
350 Jericho Turnpike, Suite 300
Jericho, NY 11753

MICHAEL D. CASSELL, ESQ.
Lefkowitz, Louis Sullivan & Hogan LLP
350 Jericho Turnpike, Suite 300
Jericho, NY 11753

**BLOCK, Senior District Judge:**

On July 17, 2006, Magistrate Judge Rosario Lindsay issued a Report and Recommendation ("R&R") recommending that a default judgment of $5,131.00 be entered in favor of plaintiff, CSC Holdings, Inc. ("CSC"), and against defendant, Robert Rook. The R&R recited that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of the date of service of this Report," R&R at 8, and that "[f]ailure to file objections within this period waives the right to appeal the District Court's Order." *Id.* CSC's counsel served a copy of the R&R on defendants at their last known address on August 7, 2006, *see* Docket Entry #30 (Certificate of Service), making objections due by August 23, 2006. *See* Fed. RR. Civ. P. 6(a),

6(e). To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of the Magistrate Rosario Lindsay's R&R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment in accordance with the R&R.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 19, 2006